IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS DEAN STEVENSON,

Plaintiff, No. CIV 2:12-cv-1559-MCE-AC (PS)

vs.

WELLS FARGO & COMPANY,

Defendant. FINDINGS & RECOMMENDATIONS

_______________________________________/

Before the court is defendant Wells Fargo & Company's ("Wells Fargo") July 6, 2012 motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. On review of the motion, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL BACKGROUND

On April 21, 2005, plaintiff entered into a residential mortgage loan agreement with World Savings Bank, FSB,[1] secured by real property located at 8300 E. Granite Dr., Granite

[1] World Savings Bank was the predecessor-in-interest to Wachovia Corporation, see Compl. ¶ 3; Attach. (Doc. No. 1 at 47), which was the predecessor-in-interest to Wells Fargo, the defendant in this action, Compl. ¶¶ 4-5.

Bay, CA 95746. Compl. ¶ 2; Attach. (Doc. No. 1 at 56). Plaintiff secured payment of the principal and interest sums with a Deed of Trust ("DOT") that was recorded with the Placer County Recorder's Office on May 25, 2005. Compl., Attach. (Doc. No. 1 at 56-57). On November 25, 2008, a Notice of Default was recorded, id. (Doc. No. 1 at 47-48), and on May 12, 2009, a Notice of Trustee's Sale was recorded, id. (Doc. No. 1 at 51). On June 24, 2009, the Subject Property was sold at a foreclosure sale. Id. ¶ 4.

RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed suit on June 11, 2012 against defendant Wells Fargo and Does 1-10 bringing claims for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; fraudulent omissions; violation of California's Bus. & Prof. Code § 17200 *et seq.*; breach of the covenant of good faith and fair dealing; and breach of contract. The gravaman of plaintiff's complaint is that the defendant's "Pick-a-Payment Mortgage" program (also known as an adjustable rate mortgage) that plaintiff entered into on April 21, 2005 violated state and federal law because it was premised upon misrepresentations and material omissions.

On July 6, 2012, Wells Fargo filed the instant motion to dismiss. Plaintiff filed his opposition on August 13, 2012. Wells Fargo has filed a reply. This matter is now fully briefed and ready for disposition.

LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include pleadings and other papers filed with a court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

DISCUSSION

Jurisdiction over this case hinges on the presence of an actionable federal claim. The court therefore begins by addressing plaintiff's First Cause of Action, which alleges that defendant violated TILA's disclosure requirements by misleading and defrauding plaintiff at the time of the loan's origination. TILA and its implementing regulation, 12 C.F.R. § 226 ("Regulation Z"), require lenders to make certain disclosures in connection with consumer loans. TILA's purpose is to "protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). By way of relief, plaintiff seeks rescission and damages.

Wells Fargo moves for dismissal of plaintiff's TILA claim as untimely. In opposition, plaintiff seeks equitable tolling.

A. TILA Rescission

TILA provides a right to rescind a loan transaction "until midnight of the third

business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing [the required material disclosures.]" 15 U.S.C. § 1635(a). If the required disclosures are not provided, however, the right to rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]" 15 U.S.C. § 1635(f).[2] Section 1635(f) is an absolute statute of repose barring "any [TILA rescission] claims filed more than three years after the consummation of the transaction." Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing King, 784 F.2d at 913). As such, the three-year period is not subject to equitable tolling. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (stating that " § 1635(f) completely extinguishes the right of rescission at the end of the 3–year period," even if a lender failed to make the required disclosures); see also McOmie-Gray v. Bank of America Home Loans, 667 F.3d 1325 (9th Cir. 2012) (rescission cannot be obtained by suit brought after expiration of the three year period, whether or not the statutory limitation is considered "jurisdictional").

Per the complaint, the loan transaction was consummated on April 21, 2005, making April 21, 2008 the deadline for commencing a TILA rescission claim. Plaintiff's complaint, however, was not filed until June 11, 2012, beyond the three-year time period. Thus, plaintiff's TILA claim for rescission is time-barred and should be dismissed without leave to amend.

B. TILA Damages

As to plaintiff's TILA claim seeking damages, TILA provides that any claim for damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). For violations of TILA's disclosure requirements, this one-year period

[2] A transaction is "consummated" when a consumer becomes contractually obligated. See Jackson v. Grant, 890 F.2d 118, 120 (9th Cir. 1989) (citing 12 C.F.R. § 226.2(a)(13)).

generally begins to run from the date of consummation of the loan. King, 784 F.2d at 915. Equitable tolling may nonetheless apply in certain circumstances:

> [T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but ... the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action. Therefore, as a general rule the limitations period starts at the consummation of the transaction. The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

Id.

On its face, plaintiff's TILA claim for damages, brought almost seven years after the loan transaction, is time-barred unless equitable tolling may apply. In his opposition, plaintiff claims he is entitled to equitable tolling because he did not discover that he had been misled and defrauded with respect to the origination of his loan until March 21, 2012 when he was responding to an independent foreclosure review questionnaire that he received in the mail. Opp'n at 17. When providing answers to this questionnaire, plaintiff first reviewed and compared his loan documents, at which time he became aware of the irregularities in these documents.

This argument, however, does not set forth any allegations that defendant prevented plaintiff from discovering the alleged TILA violation or caused plaintiff to allow the filing deadline to pass. See, e.g., O'Donnell v. Vencor Inc., 466 F.3d 1104, 1112 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'") (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Moreover, there is nothing in the pleadings to lead to an inference that plaintiff did not have a reasonable opportunity to discover the TILA violations, and plaintiff makes no representation regarding his inability to discovery these violations earlier. Thus, liberally construing the

complaint and considering plaintiff's arguments in the opposition, the court concludes that the statute of limitations should not be tolled for plaintiff's TILA damages claim. See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (granting leave to amend complaint to allege lack of reasonable notice to establish diligence where the facts alleged did not foreclose lack of reasonable notice as a matter of law); see, e.g., Qureshi v. Countrywide Home Loans, Inc., 2010 WL 841669, at *6 (N.D.Cal. Mar. 10. 2010) (dismissing TILA claim for damages where no facts were alleged to justify application of equitable tolling); Yang v. Home Loan Funding, Inc., 2010 WL 670958, at *6 (E.D. Cal. Feb. 22, 2010) (denying motion to dismiss where "the allegations provide sufficient information as to the reason that notice of the violation(s) was not available at the time the loan agreements were consummated"); Jozinovich v. JP Morgan Chase Bank, N.A., 2010 WL 234895, at *4 (N.D. Cal. Jan. 14, 2010) (dismissing claim for TILA damages where plaintiff failed "to allege how the true terms of the loan differ from representations made to him, or why he was unable to discover such discrepancies earlier").

Because the complaint offers nothing to demonstrate that, despite plaintiff's due diligence, he was unable to obtain information of a TILA violation, and because plaintiff fails to offer any facts in his opposition that would support a recommendation for dismissal with leave to amend, plaintiff's TILA claim for damages should also be dismissed without leave to amend.

C. Pendent State Law Claims

Plaintiff's other claims – for fraudulent omissions, violations of the California Business and Professions Code, breach of the covenant of good faith and fair dealings, and breach of contract – all arise under state law. Plaintiff argues in opposition to the motion that his fraudulent omissions claim arises under federal law, specifically TILA's Regulation Z, 12 C.F.R. § 226. See Compl. at 24; Opp'n at 19 ("Plaintiff has alleged ONLY violations of federal law under his Fraudulent Omissions cause of action, not state law") (emphasis in original). Fraudulent omissions, however, is a state common-law cause of action. One element of the claim under California law is the existence of a legal duty on the part of the defendant to disclose

certain facts to the plaintiff. See Hahn v. Mirda, 147 Cal. App. 4th 740, 748 (2007). [3] This duty can be derived from either state or federal sources, including TILA's statutory disclosure obligations. See, e.g., Brooks v. ComUnity Lending, Inc., 2010 WL 2680265 (N.D. Cal. 2010). Plaintiff's allegation that the operative duty was imposed by federal law does not, however, transform the fraudulent omission claim into a federal claim. It is the California common law, not the TILA, that creates an independent cause of action for fraudulent omission.

Defendant's arguments regarding the timeliness and preemption of the state law claims need not be addressed.

Having concluded that plaintiff's sole federal claim must be dismissed, the undersigned will recommend that the court decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c).

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's July 6, 2012 motion be granted as to plaintiff's federal claim; and

2. Plaintiff's remaining state law claims be dismissed without prejudice to the filing of an action in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

[3] The elements of fraudulent omission claim are: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; and (5) the plaintiff sustained damage as a result of the concealment or suppression. Hahn, 147 Cal. App. 4th at 748.

District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 5, 2012.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;stev1559.mtd